# Third District Court of Appeal

**State of Florida**

Opinion filed August 16, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2432
Lower Tribunal No. 15-27325
_____

**Thomas E. Strinko,**
Appellant,

vs.

**Sontha S. Strinko,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, George A. Sarduy, Judge.

Thomas E. Strinko, in proper person.

Hinshaw & Culbertson, LLP and Elizabeth S. Baker, for appellee.

Before ROTHENBERG, C.J., and SALTER, and FERNANDEZ, JJ.

FERNANDEZ, J.

Thomas Strinko appeals the trial court's dismissal of Strinko's petition to domesticate and modify an Ohio judgment on the basis that Florida does not permit

a Florida court to grant grandparents visitation. We reverse and remand, as the Ohio order awarding Strinko grandparent's visitation rights is entitled to enforcement under the Full Faith and Credit Clause of the United States Constitution.

Strinko filed a petition seeking domestication of a judgment entered by the Ohio Court of Common Pleas, Juvenile Division, in Butler County, Ohio. The judgment granted Strinko supervised visitation with his granddaughter, K.C. K.C.'s mother, Sontha Sue Strinko, moved to dismiss the petition on the basis that grandparent visitation ordered by a foreign court is unenforceable in Florida as a matter of law. The trial court granted the motion and dismissed the petition, and Strinko now appeals.

Subsequent to the trial court's decision, the Florida Supreme Court decided the issue of enforcement of a similar order from a sister state based on the Full Faith and Credit clause of the United States Constitution. Clearly, the trial court did not have the benefit of this decision when it entered its order dismissing Strinko's petition. In Ledoux-Nottingham v. Downs, 210 So. 3d 1217 (Fla. 2017), the Florida Supreme Court held that Full Faith and Credit, rather than comity principles, governs the domestication and enforcement of the judgment of a sister state entered by a court of competent jurisdiction. The Court further held that despite Florida's privacy laws and their effect on grandparent visitation, the

2

properly domesticated judgment of a sister state allowing grandparent visitation is enforceable in Florida, and a trial court has no discretion but to enforce such a properly entered and domesticated judgment. Id.

Accordingly, we reverse the trial court's order dismissing Strinko's petition and remand to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.